LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

ENRIQUE GARCIA MORALES, on behalf of himself and FLSA Collective Plaintiffs,

        Plaintiff,

    v.

NEW INDIAN FOODS, LLC
d/b/a THE BOMBAY BREAD BAR,
and FLOYD CARDOZ

        Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, ENRIQUE GARCIA MORALES (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, NEW INDIAN FOODS, LLC d/b/a THE BOMBAY BREAD BAR, and FLOYD CARDOZ (each individually, "Defendant", or collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit, (2) improper tip credit, (3) unlawfully retained tips, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit, (2) improper tip credit, (3) compensation for unlawfully retained tips, (4) liquidated damages and statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ENRIQUE GARCIA MORALES, is a resident of New York County.

6. Upon information and belief, Defendant, NEW INDIAN FOODS, LLC d/b/a THE BOMBAY BREAD BAR, is a domestic limited liability company organized under the laws of New York, with a principal place of business located at 195 Spring Street, New York, NY 10011, and an address for service of process, located at 111 8th Avenue, New York, New York, 10011.

7. Upon information and belief, Defendant, FLOYD CARDOZ, is the owner or Chief Executive Officer of Defendant, NEW INDIAN FOODS, LLC d/b/a THE BOMBAY BREAD BAR.

8. Upon information and belief, FLOYD CARDOZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, they exercised their power to (i) fire and hire, (ii) determine the rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9. At all relevant times, Defendant, NEW INDIAN FOODS, LLC d/b/a THE BOMBAY BREAD BAR, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date, that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs' claim that Defendants willfully violated the rights of tipped employees by failing to pay

them lawful minimum wage. Defendants were not entitled to claim tip allowance under FLSA, because they (i) failed to properly provide notice to tipped employees that Defendants were taking a tip credit; (ii) caused other tipped employees to engage in non-tipped duties exceeding 20% of each workday; (iii) unlawfully requiring tipped employees to contribute to a tip pool that includes employees who do not customarily and regularly receive tips.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. In or about September 2016, Plaintiff, ENRIQUE GARCIA MORALES, was hired by Defendants to work as a busboy for Defendants' restaurant THE BOMBAY BREAD BAR, located at 195 Spring Street, New York, NY, 10012. Plaintiff MORALES' employment was terminated on or about March 1, 2018.

16. From the beginning of his employment until in or about January 2018, Plaintiff MORALES had a regular work schedule of seven (7) hours per day, from 4 a.m. to 11 p.m., for four (4) days per week.

17. From in or about February 2018, until in or about March 1, 2018, Plaintiff MORALES had a regular work schedule of eight and a half (8 ½) hours per day, from 2:30 p.m. to 11 p.m., for four (4) days per week.

18. From the beginning of his employment until in or about December 31, 2017, Plaintiff MORALES was paid at an hourly rate of $7.50.

19. From in or about January 2018, until in or about March 1, 2018, Plaintiff MORALES was paid at an hourly rate of $8.65.

20. At all relevant times, Defendants knowingly and willfully paid Plaintiff MORALES and tipped FLSA Collective Plaintiffs at hourly rates below the prevailing minimum wage due to an invalid tip credit.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of their employment and annually thereafter, in violation of the New York Labor Law.

22. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate; and (ii) maintain a proper tip pool because management and non-tipped employees participated in the tip pool, in violation of the Fair Labor Standards Act (FLSA). Defendants also caused other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities.

23. Throughout his employment, Defendants would require Plaintiff and other tipped employees to contribute to a tip pool that includes the Hostess, Expeditor, and even the Manager, who do not customarily and regularly receive tips.

24. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendant, NEW INDIAN FOODS, LLC d/b/a THE BOMBAY BREAD BAR, had gross revenues in excess of $500,000.

29. At all relevant times, Defendants willfully violated Plaintiff MORALES' and tipped FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendant were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the FLSA.

30. At all relevant times, Defendants failed to provide a tip credit notice to Plaintiff and FLSA Collective Plaintiffs.

31. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and,

if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the full and proper minimum wage when Defendants knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

36. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

39. At all relevant times, Defendants willfully violated Plaintiff MORALES' and other tipped employees' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim tip credit allowance because they failed to satisfy the statutory requirements under the New York Labor Law.

40. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of their employment and annually thereafter, in violation of the New York Labor Law.

41. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages due to invalid tip credit, unlawfully retained tips, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and accrued tips pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, and accrued tips pursuant to the New York Labor Law;

 g. An award of statutory penalties, and prejudgment and post-judgment interest;

 h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: April 18, 2018

 Respectfully submitted,

 By: */s/ C.K. Lee*
  C.K. Lee, Esq. (CL 4086)

 LEE LITIGATION GROUP, PLLC
 C.K. Lee (CL 4086)
 Anne Seelig (AS 3976)
 30 East 39th Street, Second Floor
 New York, NY 10016
 Tel.: 212-465-1188
 Fax: 212-465-1181
 *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*